IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **CLAYTON HOYLE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-01112-STA-jay |
| | ) |
| **WAL-MART REAL ESTATE BUSINESS TRUST, JOHN DOE OWNER,** | ) ) |
| | ) |
| Defendants. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
ORDER OF DISMISSAL

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 23) that the Court dismiss Plaintiff Clayton Hoyle's Complaint for failure to prosecute Also, before the Court is Defendant Wal-Mart Real Estate Business Trust's Motion for Involuntary Dismissal (ECF No. 21) filed on September 10, 2020.  For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation, **GRANTS** Defendant's Motion, and dismisses the suit for failure to prosecute under Federal Rule of Civil Procedure 41(b).

On April 2, 2020, Hoyle through counsel filed a Complaint and Amended Complaint in the Circuit Court for the Twenty-Fifth Judicial District at Bolivar, Tennessee.  Hoyle alleged that several men shot and robbed him while he was sitting in his vehicle and parked in the parking lot outside the Wal-Mart store in Bolivar, Tennessee.  Hoyle alleged that Wal-Mart Real Estate Business Trust ("Wal-Mart")'s negligence in failing to secure the premises contributed to his injuries during the robbery.  On May 20, 2020, Wal-Mart removed the action to this Court based

on the parties' diversity of citizenship and the amount in controversy.

Shortly after the removal of the case to federal court, Hoyle's attorney filed a motion to withdraw, which the Court granted. When Hoyle did not retain replacement counsel, the Court placed the case on its *pro se* docket and assigned it to the Magistrate Judge for the management of all pretrial matters. *See* Order Granting Mot. for Clarification July 29, 2020 (ECF No. 12). The Magistrate Judge set a scheduling conference in the case for August 27, 2020. The conference proceeded as scheduled. When Hoyle did not appear for the conference, the Magistrate Judge issued a show cause order, directing Hoyle to show why the case should not be dismissed for failure to prosecute. When Hoyle did not respond to the show cause order, the Magistrate Judge issued a report and recommendation that the Court dismiss the case. Wal-Mart filed its own Motion for Involuntary Dismissal as well. Hoyle had 14 days to respond to the report and recommendation and to Wal-Mart's Motion for Dismissal. To date Hoyle has not responded, and the time to do so has passed.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). While it speaks of a defendant's right to request dismissal, Rule 41(b) does not abridge a district court's inherent authority to dismiss a plaintiff's case with prejudice for the plaintiff's failure to prosecute it. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court has remarked that this inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–30; *see also Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (stating that the inherent authority to dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the

tax-supported courts and opposing parties"). District courts enjoy substantial discretion in determining whether dismissal is appropriate. *Knoll,* 176 F.3d at 363; *Harmon v. CSX Transp.,* Inc., 110 F.3d 364, 366 (6th Cir. 1997).

The Court holds that dismissal of Hoyle's claims for failure to prosecute is justified. The record shows that Hoyle did not participate in framing a discovery plan, did not attend the scheduling conference, did not respond to the Magistrate Judge's show cause order, did not respond to Wal-Mart's Motion for Dismissal, and has now failed to make timely objections to the Magistrate Judge's recommendation that the Court dismiss the case for failure to prosecute. The Magistrate Judge's show cause order and report and recommendation clearly put Hoyle on notice that his case might be dismissed in the event he did not come forward to prosecute his claims. *United States v. $506,069.09 Seized From First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016) ("Prior notice, or the lack thereof, is a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)."). The Court finds that dismissal of Hoyle's claims is now required to prevent further delay and remove this case from the Court's docket. *Link*, 370 U.S. at 629–30.

Therefore, Hoyle's Complaint and Amended Complaint are hereby dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to enter judgment.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

Date: October 7, 2020.